OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Office of Disciplinary Counsel v. O'Leary.
[Cite as Disciplinary Counsel v. O'Leary (1993),        Ohio
St.3d        .
Attorneys at law -- Misconduct -- Disbarment -- Illegal conduct
     involving moral turpitude -- Dishonesty, fraud, deceit or
     misrepresentation -- Conduct prejudicial to administration
     of justice -- Conduct adversely reflecting on fitness to
     practice -- Handling a legal matter not competent to
     handle -- Inadequate preparation -- Neglect of an
     entrusted legal matter -- Taking action to harass another
     -- Knowingly advancing claims unwarranted by law --
     Concealment -- Knowing use of false evidence -- False
     statement -- Creating false evidence -- Assisting client's
     fraudulent conduct -- Illegal conduct -- Disregard of
     tribunal's ruling -- Making statements unsupported by
     evidence -- Violating known local customs of tribunal --
     Discourteous conduct -- Habitual violation of procedural
     rules -- Making false accusations against judge or other
     adjudicatory  official -- Failure to assist in
     disciplinary investigation.
     (No. 93-433 - - Submitted April 26, 1993- - Decided
September 29, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-03.
     Respondent, Joseph J. O'Leary of Canton, Ohio, Attorney
Registration No. 0031183, was admitted to the practice of law
in Ohio in 1938.  Relator, Office of Disciplinary Counsel,
filed a forty-eight-count complaint charging O'Leary with
numerous violations of the Code of Professional
Responsibility.  O'Leary failed to make timely response to the
complaint.  A panel of this court's Board of Commissioners on
Grievances and Discipline ("board") granted relator's motion
for default and recommended O'Leary's disbarment.
     The complaint arose from O'Leary's conduct during probate
proceedings following the death of Maureen Kaviris.  Judge
Willard F. Spicer of the Summit County Probate Court appointed
Kaviris' mother, Ruth Bowman, as administrator of Kaviris'
estate, and Bowman hired O'Leary as the estate's attorney.

On March 3, 1986, twenty-one months after her appointment, Bowman filed an inventory and schedule of assets with the probate court.  The inventory, prepared by O'Leary, reported two assets with a total value of $16,597.

On May 2, 1986, Judge Spicer removed Bowman as administrator, citing her late filing of the inventory and repeated refusals to obey court orders.  The judge also removed O'Leary as attorney for the estate.  On May 30, Judge Spicer ordered Bowman and O'Leary to turn over all estate assets and financial records to the new administrator, Peter T. Zackaroff.

However, Bowman and O'Leary defied this order, and on December 18, 1986, Judge Spicer held them in contempt of court.  Later that month, O'Leary finally surrendered estate assets in the amount of $12,459.36, but did not turn over any financial records.  Moreover, he paid the money to the probate court, rather than turning it over directly to Zackaroff as the court had ordered.

On August 19, 1986, Zackaroff filed a complaint in the probate court against O'Leary and Bowman, alleging that they had concealed estate assets.  Specifically, $10,000 in life insurance proceeds had been paid to the estate in 1984, yet O'Leary and Bowman had not listed it on the March 1986 inventory.  O'Leary responded with a "Motion to Quash."  He admitted failing to disclose the $10,000 but claimed that the failure was inadvertent.  O'Leary attached an "Amended Inventory and Appraisal" to his motion; however, the amended inventory showed total assets valued at only $1,093 more than the original inventory had shown and thus failed to account fully for the $10,000.

On January 9, 1987, O'Leary and Bowman filed applications for approval of attorney and fiduciary fees that they had already paid to themselves.  The probate court denied approval.  Despite this, O'Leary did not return his fee to the estate.1

During the Kaviris estate litigation, O'Leary refused to attend or participate in scheduled probate court hearings on eight occasions.  He was found in contempt of court three times, and was even jailed once, but continued his contemptuous behavior.

Moreover, O'Leary filed thirteen affidavits of prejudice and motions to disqualify judges and a referee involved in the litigation.  In the original probate action, O'Leary filed two affidavits of prejudice against Judge Spicer as well as a motion to disqualify him.  The Chief Justice ruled that O'Leary's allegations did not support a finding of prejudice and dismissed both affidavits.

Undeterred, O'Leary filed yet another affidavit of prejudice against Judge Spicer to disqualify him from hearing Zackaroff's concealment action.  On May 21, 1987, the Chief Justice again found that the affidavit did not support a finding of prejudice; however, to avoid even the appearance of prejudice, he assigned the concealment action to a visiting judge, Robert C. Pollex of the Wood County Probate Court. O'Leary then proceeded to file at least seven unsuccessful affidavits of prejudice and motions for disqualification against Judge Pollex, even though the judge had no prior connection to the litigation and did not know O'Leary or the

other litigants.

On May 3, 1988, O'Leary filed a complaint in prohibition in this court, seeking to prohibit Judge Spicer from enforcing an order issued on February 23, 1987.  O'Leary subsequently filed a notice of dismissal, and this court accordingly dismissed the action.  O'Leary then sought reconsideration of the very dismissal he had himself requested.

O'Leary failed to cooperate with relator's investigation. After Judge Spicer filed a grievance on June 1, 1988, relator sent O'Leary two letters of inquiry.  On July 31, 1988, O'Leary finally replied, asking for an extension.  Relator granted an extension to September 30, but O'Leary still did not respond. On December 13, 1988, relator threatened to file a formal complaint unless O'Leary responded, but O'Leary ignored this letter.  On January 26, 1989, relator again asked O'Leary to respond.  O'Leary sent copies of briefs that he had filed in various stages of the Kaviris litigation, but never responded to Judge Spicer's complaint.

On February 4, 1991, after several attempts to reach O'Leary, relator unilaterally scheduled O'Leary's deposition. The board issued a subpoena duces tecum requiring O'Leary to produce documents pertaining to four cases that were part of the Kaviris litigation.  O'Leary appeared, but without the subpoenaed documents; he claimed he misunderstood the subpoena.

The deposition was continued, and the board issued a detailed subpoena duces tecum ordering O'Leary to produce "[a]ll materials * * * in your possession or under your control relating * * * to" seven specific cases.  The subpoena specifically included records and documents pertaining to "financial accounts and/or financial assets, administered, controlled, used, or maintained by or on behalf of Ruth E. Bowman, Joseph O'Leary, or any other person or entity, in connection with any of the aforesaid cases * * *."  However, O'Leary produced only two documents, and only one was related to any of the cases specified in the subpoena.  The second deposition was held nearly three months after the first, yet O'Leary complained of insufficient time to locate his files.

O'Leary took an intransigent stance in his depositions. He justified his repeated refusals to attend hearings by claiming the probate court's referees lacked jurisdiction, the judges were prejudiced against him, and the concealment action was "bogus."  O'Leary also insisted that he acted properly by refusing to surrender estate assets to the court-appointed administrator.

Relator filed a formal complaint with the board on February 19, 1992.  The complaint charged O'Leary with single or multiple violations of: DR 1-102(A)(3) (illegal conduct involving moral turpitude); 1-102(A)(4) (dishonesty, fraud, deceit, or misrepresentation); 1-102(A)(5) (conduct prejudicial to administration of justice); 1-102(A)(6) (conduct adversely reflecting on fitness to practice); 6-101(A)(1) (handling a legal matter that he was not competent to handle); 6-101(A)(2) (inadequate preparation); 6-101(A)(3) (neglect of legal matter entrusted); 7-102(A)(1) (taking action to harass another); 7-102(A)(2) (knowingly advancing claims unwarranted by law); 7-102(A)(3) (concealment); 7-102(A)(4) (knowing use of false evidence); 7-102(A)(5) (false statement); 7-102(A)(6) (creating

false evidence); 7-102(A)(7) (assisting client's fraudulent conduct); 7-102(A)(8) (illegal conduct); 7-106(A) (disregard of tribunal's ruling); 7-106(C)(1) (making statements unsupported by evidence); 7-106(C)(5) (violating known local customs of tribunal); 7-106(C)(6) (discourteous conduct); 7-106(C)(7) (habitual violation of procedural rules); and 8-102(B) (making false accusations against a judge or other adjudicatory official). The complaint further charged O'Leary with violating former Gov. Bar R. V(5)(a) (failure to assist in disciplinary investigation).

Relator sent a copy of the complaint to O'Leary by certified mail, but it went unclaimed. Repeated attempts at personal service failed. O'Leary did receive and respond to a letter from the board designating the hearing panel. Relator then sent a copy of the complaint to the address on O'Leary's letterhead. O'Leary filed no response.

On November 6, 1992, relator filed a motion for default. In the depositions of Judge Spicer, Judge Pollex, and O'Leary himself, the panel found sufficient prima facie evidence to support the complaint's allegations. Accordingly, the panel granted relator's default motion and recommended disbarment. The board concurred.[2]

Geoffrey Stern, Disciplinary Counsel, and Harald F. Craig III, Assistant Disciplinary Counsel, for relator.

Per Curiam. We concur in the board's findings and recommendation. Joseph J. O'Leary is permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1   On June 25, 1991, the probate court ordered that the money retained by O'Leary, totaling $6,829.70, be deemed payment in full for his services in all cases connected with the Kaviris estate. However, this order reflected the court's belief that it would be futile to try to collect the money from O'Leary. The court did not find him entitled to the fee.
2   On March 30, 1993, respondent filed a motion to dismiss (presumably based on this court's lack of jurisdiction over this disciplinary matter) and a motion to strike depositions of Judge Spicer and Judge Pollex. Upon review of the record, we find respondent's motions to be without merit and hereby overrule them.